UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

In Re:                                                            Chapter 11

        JOSULIANAA, INC,                              Case No. 25-10469-jpm

                                         Debtor.

---------------------------------------------------------X

## CERTIFICATION OF MIRASH DEDVUKA PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

Diana Mirdita-Dedvukaj, certifies under penalty of perjury as follows:

1. I am the president and sole shareholder of Josulianaa, Inc., the debtor and debtor-in–possession herein (the "Debtor"), and am fully familiar with the facts set forth herein. This certification is submitted pursuant to Rule 1007-2 of the Local Bankruptcy Rules of this Court.

2. On March 13, 2025 (the "Filing Date"), the Debtor filed a voluntary Chapter 11 Petition pursuant to Subchapter V of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

**Background (Local Rule 1007-2(a)(1))**

3. The Debtor is a New York State corporation engaged in the business of operating a pizzeria called La Bellezza Pizzeria, located at 145 East 49th Street, New York, New York 10017 (the "Premises"). The Premises are leased by 145 East 49th St L.L.C. (the "Landlord") to Marco's Pizza of N.Y. Corp. ("Marco's").

4. Marco's also filed a petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code on March 13, 2025. The president and sole shareholder of Marco's is my father-in-law, Mirash Dedvuka.

5. As described in the local rule declaration filed by Marco's in its Chapter 11 case, on

1

March 4, 2025 a judgment of possession against Marco's was filed in connection with an action for eviction filed in the Civil Court of the City of New York, New York County, Part 52 entitled <u>145 East 49th St L.L.C. v. Marco's Pizza of N.Y. Corp. t/a La Bellezza Pizzeria</u> (Index No. L&T 312851/22).

6. The Landlord caused a restraining order to be issued on the Debtor's operating bank account maintained at JPMorgan Chase Bank. Therefore, on March 13, 2025 (the "Filing Date"), the Debtor filed this Chapter 11 case to enable the Debtor to continue its business and reorganize under Subchapter V of Chapter 11 of the Bankruptcy Code.

**Local Rule 1007-2(a)(2)**

7. This case was not originally commenced under Chapter 7 or Chapter 13.

**Local Rule 1007-2(a)(3)**

8. No committee was organized prior to the Filing Date.

**Local Rule 1007-2(a)(4)**

9. A list containing the names and addresses of what I believe to be the twenty largest unsecured creditors, excluding insiders, has been filed with the Debtor's Chapter 11 Petition.

**Local Rule 1007-2(a)(5)**

10. The Debtor is unaware of there being any secured claims in this case.

**Local Rule 1007-2(a)(6)**

11. An approximate summary of Debtor's assets and liabilities will be set forth in Schedules A, B, D, E and F to the Chapter 11 Petition.

**Local Rule 1007-2(a)(7)**

12. LBR 1007-2(a)(7) is not applicable.

**Local Rule 1007-2(a)(8)**

13. To the best of my knowledge, there is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

**Local Rule 1007-2(a)(9)**

14. The Debtor maintains its principal place of business at 145 East 49th Street, New York, New York 10017.

**Local Rule 1007-2(a)(10)**

15. The Debtor's principal assets are located at 145 East 49th Street, New York, New York 10017.

**Local Rule 1007-2(a)(11)**

16. The Debtor is tangentially related to the Civil Court Action due to the restraining notice described in paragraph 6, supra.

**Local Rule 1007-2(a)(12)**

17. The Debtor's senior management consists of me.

**Local Rule 1007-2(b)(1)**

18. The estimated amount of payroll due to the Debtor's employees, exclusive of officers, directors, and stockholders, for a period of thirty days following the filing of the petition is $00.

**Local Rule 1007-2(b)(2)**

19. I will be paid the sum of $      during the next thirty days as an employee of the Debtor working at the Pizzeria. My compensation is not on account of my being the president and sole stockholder of the Debtor.

**Local Rule 1007-2(b)(3)**

20. The estimated revenues and additional operating expense of the Debtor for the next thirty days are as follows:

| | |
|---|---|
| **INCOME** | |
| Income | $58,580.00 |
| **EXPENSES** | $54,930.00 . |

Dated: New York, New York
March 25, 2025

Diana Mirdita-Dedvukaj
Josulianaa, Inc.
By Diana Mirdita-Dedvukaj, as President
and Sole Shareholder